UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMIE JONES,

    Plaintiff,

v.                                            Case No.: 8:17-cv-2098-EAK-TGW

LAKELAND REGIONAL MEDICAL CENTER,

    Defendant.

## ORDER

Plaintiff Tammie Jones sues Defendant Lakeland Regional Medical Center ("**Lakeland**") under Title VII of the Civil Rights Act ("**Title VII**"), 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12101 et seq., and the Age Discrimination in Employment Act ("**ADEA**"), 29 U.S.C. §§ 621 et seq. (Doc. 19). Lakeland moves to dismiss. (Doc. 20). Jones opposes. (Doc. 22). The Court will grant-in-part and deny-in-part the motion.

I.    **Background**[1]

Jones is a 51-year-old African American female. She is the primary caregiver for her disabled daughter, who was previously diagnosed with paranoid schizophrenia.

Lakeland is a large medical center operating in Polk County, Florida. Jones was previously employed by Lakeland as a customer service representative. Ann

---

[1] The facts in this section are gleaned from Jones' operative, amended complaint and documents she submitted to the Equal Employment Opportunity Commission.

Ragsdale, a white female, was Jones' direct supervisor. Michelle Allen, a white female, oversaw Lakeland's entire customer service department.

In February and March of 2015, Jones requested her work schedule be altered. Specifically, Jones requested permission to report to work later in the morning so that she could care for her daughter. Allen denied Jones' requests. Jones complained to both Ragsdale and Allen that Allen's denial was discriminatory. After Jones complained, Ragsdale and Allen allegedly became "hypercritical" of Jones, unfairly disciplined her for minor tardiness, and altered her timesheets to make it appear she'd been late to work.

In March of 2016, Allen promoted Christie Southerland, a white female, to a position more senior than Jones'. Southerland was substantially younger than Jones and had considerably less experience, tenure, and seniority. Jones alleges the position wasn't posted to Lakeland's internal job board, and, despite her superior qualifications, Jones wasn't given an opportunity to apply for the position. Jones also alleges that, at the time Allen promoted Southerland, Allen stated she wanted to promote someone younger who wasn't a minority.

Lakeland fired Jones on May 27, 2016, for excessive tardiness. Jones, however, felt she'd been discriminated against, so she submitted an intake questionnaire to the Equal Employment Opportunity Commission ("**EEOC**") on November 25, 2016. She subsequently filed a formal charge of discrimination with the EEOC on December 21,

2016. The EEOC issued Jones a right to sue letter on June 6, 2017. Proceeding pro se, Jones initiated the instant action on September 1, 2017.

On motion by Lakeland, the Court dismissed Jones' original complaint for failure to state a plausible claim for relief. However, the Court granted Jones leave to amend her complaint to correct her pleading deficiencies. Jones, now represented by counsel, filed her operative, amended complaint on January 9, 2019. Lakeland again moved to dismiss on January 23, 2019. Jones responded in opposition to Lakeland's motion on February 6, 2019. Lakeland's motion is ripe for the Court's review.

## II. **Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12 allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a plaintiff must state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The Court must accept all factual allegations in the complaint as true but doesn't credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Id. Additionally, dismissal is warranted under Rule 12 if, assuming the truth of the complaint's factual

allegations, a dispositive legal issue precludes relief. Neitzke v. Williams, 490 U.S. 319, 326–27 (1989).

## III. Discussion

Jones' amended complaint asserts three separate claims:

1. "Race Discrimination in Violation of Title VII" (predicated on a failure to promote) (Count I);

2. "Age Discrimination in Violation of [the ADEA]" (predicated on a failure to promote) (Count II); and

3. "Association Discrimination in Violation of the [ADA]" (Count III).

(Doc 19 at ¶¶52–98). Lakeland moves to dismiss each of Jones' claims. Specifically, Lakeland moves to dismiss Jones' failure to promote claims in Counts I and II on grounds that she failed to exhaust her administrative remedies. Lakeland moves to dismiss Jones' association discrimination claim in Count III on grounds that the claim is time-barred and otherwise fails to state a plausible claim for relief.[2]

As an initial matter, the Court will address the claims Jones hasn't pleaded. The Court will then address Jones' claims in Counts I and II, together. Finally, the Court will address Jones' claim in Count III.

---

[2] To the extent Jones attempts to bring a so-called "failure to accommodate" claim in Count III, Lakeland moves to dismiss such a claim on grounds that it fails as a matter of law. However, in her response in opposition to Lakeland's motion, Jones concedes her "amended complaint does not allege that she was entitled to an accommodation based on her association with a disabled person." (Doc. 22 at 5).

4

## A. Jones Failed to Plead Her Purported Retaliation Claims in Specifically Delineated Counts.

Jones makes passing mention in her amended complaint of being subjected to unlawful retaliation. The parties' briefs fail to address the allegations. The Court will address them sua sponte.

Rule 10 requires that a complaint's causes of action be specifically delineated in separate counts, Fed. R. Civ. P. 10(b), "and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading," Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). Failure to do so subjects such claims to dismissal. See e.g., Battiste v. Jenne, No. 1:05-cv-22970-PCH, 2006 WL 8432517, at *1 (S.D. Fla. June 14, 2006) (Huck, J.); Harris v. Radioshack Corp., 1:01-cv-5093-JAL, 2002 WL 1907569, at *2 (S.D. Fla. May 23, 2002) (Leonard, J.).

In the opening paragraph of her amended complaint, Jones alleges "[Lakeland] retaliated against her in violation of" Title VII, the ADEA, and the ADA. (Doc. 19 at 1). Additionally, in the "General Allegations" section of her amended complaint, Jones alleges she "was not given the opportunity to interview for the position [to which Southerland was promoted] because [Lakeland] was retaliating against [Jones] for complaining about unfair treatment with regards to scheduling." Id. at ¶49. Her amended complaint contains no other allegations with respect to Lakeland's alleged retaliation. Nor does it contain specifically delineated counts for retaliation under any cognizable anti-retaliation laws. Accordingly, to the extent Jones attempts to bring

5

claims for retaliation against Lakeland, such claims are due to be dismissed. The dismissal will be without prejudice.

### B. Jones Failed to Exhaust Her Administrative Remedies with Respect to Her Title VII and ADEA Failure to Promote Claims.

Lakeland argues that Jones failed to allege in her EEOC charge that she'd been denied a promotion due to her race and age. And because she failed to include those allegations in her EEOC charge, says Lakeland, Jones' failure to promote claims in Counts I and II are procedurally barred for failure to exhaust her administrative remedies. Jones disagrees and counters that the allegations in her EEOC charge clearly encompass Allen's alleged discriminatory promotion of Southerland over Jones.

In order to litigate a claim in federal court for discrimination under Title VII or the ADEA, a plaintiff must first exhaust her administrative remedies, beginning with the filing of a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5; Rizo v. Ala. Dep't of Human Res., 228 Fed. App'x 832, 835 (11th Cir. 2007) (citing Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001)). Although courts "must liberally construe EEOC charges that are prepared without the assistance of counsel, a plaintiff's civil complaint remains 'limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" Green v. Elixir Indus., Inc., 152 F. App'x 838, 840 (11th Cir. 2005) (quoting Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004)). To that end, "[j]udicial claims that 'amplify, clarify, or more clearly focus' the allegations in the

6

EEOC charge are permitted." Stuart v. Jefferson Cnty. Dep't of Human Res., 152 F. App'x 798, 801 (11th Cir. 2005) (citing Gregory, 355 F.3d at 1279–80). But a plaintiff "cannot allege new acts of discrimination" that weren't included in her EEOC charge. Id.

The relevant portions of Jones' EEOC charge, (Doc. 1 at 18–19), allege the following:

Jones was previously employed by Lakeland as a customer service representative. Jones requested the use of a "flexible schedule" in February 2015 due to her association with a person with a disability, but her request was denied. Because of Jones' request, she was retaliated against in that her time was scrutinized and manipulated, and she was unfairly written up and targeted. Jones was ultimately fired on May 27, 2016. Sometime thereafter, Lakeland's Human Resources department informed Jones that she was eligible for rehire. Jones applied for certain positions but wasn't selected. Rather, Lakeland selected less qualified individuals to fill those positions.

Critically, Jones makes no mention in her EEOC charge of an available position that wasn't posted to Lakeland's job board, Allen's promotion of Southerland, or Allen's alleged comments regarding her intention to hire a younger, non-minority to fill the position. While Jones alleges in her EEOC charge that she wasn't selected for "certain positions," she also alleges that she applied for those positions only after she was fired in May of 2016, and only in an effort to secure rehire by Lakeland. Those

7

allegations are, of course, unrelated to any promotion for which Jones was allegedly overlooked during her employment with Lakeland. And, moreover, that Jones admittedly applied for those positions further distinguishes the allegations in her EEOC charge from the allegations in her amended complaint. To be sure, Jones alleges in her amended complaint that she couldn't apply for the position to which Southerland was promoted because the availability of the position was never disclosed to her. However, in her EEOC charge, the only "positions" Jones identifies are positions for which she did, in fact, make application.

Having carefully considered Jones' federal allegations and the allegations in her EEOC charge, the Court concludes that Jones' failure to promote claims don't "amplify, clarify, or more clearly focus" the allegations in her EEOC charge. Stuart, 152 F. App'x at 801 (citing Gregory, 355 F.3d at 1279–80). Rather, they constitute entirely "new acts" of discrimination. Id. As a result, Jones' failure to promote claims are outside the scope of her EEOC charge. Consequently, she's procedurally barred from asserting those claims in a federal lawsuit.[3] Counts I and II are accordingly due to be dismissed. See, e.g., Anderson v. Embarq/Sprint, 379 F. App'x 924, 926–27 (11th Cir. 2010) (holding that the district court properly dismissed the plaintiff's failure

---

[3] Although Jones' November 25, 2016 EEOC intake questionnaire, (Doc 1 at 8–16), details Lakeland's allegedly discriminatory promotion of Southerland over Jones, the fact Jones subsequently filed a timely, formal charge of discrimination suggests she didn't intend her intake questionnaire to function as a charge. Francois v. Miami Dade Cnty., Port of Miami, 432 F. App'x 819, 822 (11th Cir. 2011) (citing Bost v. Fed. Express Corp., 372 F.3d 1233, 1240–41 (11th Cir. 2004)). Jones' federal claims are therefore limited by the scope of her EEOC charge.

8

to promote claim because the allegations that served as the basis for the claim were absent from his EEOC charge). The dismissal will be with prejudice. See, e.g., Penaloza v. Target Corp., No. 8:11-cv-2656-VMC-AEP, 2012 WL 3041180, at *4 (M.D. Fla. July 25, 2012) (Covington, J.) (dismissing with prejudice the plaintiff's ADA discrimination claim because the claim was outside the scope of her EEOC charge).

### C. It's Unclear Whether Jones' Association Discrimination Claim is Time-Barred; the Court Declines to Address the Claim on Its Merits.

Lakeland generally levies two arguments in support of dismissal of Jones' association discrimination claim. First, Lakeland argues that the claim is time-barred, or, alternatively, that the claim contains insufficient allegations to determine whether the claim is time-barred. Second, Lakeland argues that, even if the claim isn't time-barred, Jones' allegations fail to plausibly allege both an adverse employment action and an intentional, invidious motivation on the part of Lakeland. Jones, of course, flatly disagrees. Because, as detailed further below, the Court finds it's unclear whether Jones' association discrimination claim is ultimately time-barred, the Court declines to address the merits of the claim at this juncture.

A plaintiff in a deferral state, such as Florida, must file a charge of discrimination under the ADA no more than 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); Maynard v. Pneumatic Prod. Corp., 256 F.3d 1259, 1262–63 (11th Cir. 2001). Failure to file the charge within this statutory window requires the district court to dismiss the untimely claim. Smith

v. McClammy, 740 F.2d 925, 927 (11th Cir. 1984). Jones filed her EEOC charge on December 21, 2016, meaning that any claims arising from an allegedly discriminatory employment practice that occurred before February 25, 2016, (i.e., more than 300 days before she filed her EEOC charge) are time-barred and subject to dismissal.

According to Jones' amended complaint, Lakeland discriminated against Jones on multiple occasions because of her association with a person with a disability. Specifically, Lakeland allegedly denied Jones' requests for a schedule change, became "hypercritical" of Jones, unfairly disciplined Jones for minor tardiness, and altered Jones' timesheets to make it appear she'd been late to work. Assuming without deciding that these discrete acts constitute actionable adverse employment actions, each act must have occurred within the statutory window (i.e., on or after February 25, 2016), or the claim, insofar as it's predicated on that act, is time-barred.

With respect to her scheduling requests, Jones' made those requests in February and March of 2015, well outside the statutory window. Thus, any claim of association discrimination based on Lakeland's denial of Jones' scheduling requests is time-barred. As for the remaining allegedly discriminatory employment practices identified in Jones' amended complaint, Jones fails to allege the date(s) on which they occurred, making it impossible for the Court to decipher whether she's alleged a discriminatory employment practice occurring within the statutory window. As a result, she necessarily fails to plausibly allege a claim for association discrimination under the

10

ADA. Count III is accordingly due to be dismissed. The dismissal will be without prejudice.[4]

## IV. Conclusion

Jones' amended complaint is far from a model pleading. Multiple of the claims Jones purports to plead haven't been specifically delineated. And the claims Jones does plead are either procedurally barred, time-barred, or suffer from material pleading deficiencies. Accordingly, Lakeland's motion to dismiss, (20), is **GRANTED-IN-PART AND DENIED-IN-PART** as follows:

1. Jones' purported Title VII, ADEA, and ADA retaliation claims are **DISMISSED WITHOUT PREJUDICE.**

2. Jones' Title VII and ADEA failure to promote claims (Counts I and II, respectively) are **DISMISSED WITH PREJUDICE.**

3. Jones' ADA association discrimination claim (Count III) is **DISMISSED WITHOUT PREJUDICE.**

4. Jones may file a second amended complaint, not inconsistent with this Order, on or before October 25, 2019.

---

[4] Jones should be mindful of the difference between alleging that she received disparate treatment in the terms, conditions, and privileges of her employment because of her association with a person with a disability versus alleging that she suffered an adverse employment action for complaining about what she believed to be violations of her rights under the federal employment laws (i.e., that she was retaliated against).

11

**ORDERED** in Chambers, in Tampa, Florida, this 24th day of September, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record